YM

FILED
JANUARY 4, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 84

JUDGE LINDBERG
MAGISTRATE JUDGE COLE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>   Plaintiffs,<br><br>   v.<br><br>B-L1 LIMITED PARTNERSHIP, a Michigan limited partnership and EPSTEIN LIMITED PARTNERSHIP, a Michigan limited partnership,<br><br>   Defendants. | Case No.<br><br>Honorable<br>Distict Judge |

## COMPLAINT

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Howard McDougall, one of its present Trustees, for their causes of action against Defendants B-L1 Limited Partnership, a Michigan limited partnership ("B-L1 LP") and Epstein Limited Partnership, a Michigan limited partnership ("Epstein LP"), allege as follows:

### JURISDICTION AND VENUE

1.  This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from the Pension Fund.

2.  This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001, et seq. (1982). This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. § 1132(e), 1132(f), and 1451(c), as well as under 28 U.S.C. §1331 and 1337.

F:246643 / 07410022 / 1/4/08

-1-

3. The Pension Fund is administered at its principal place of business located in Rosemont, Illinois. Venue is proper in this District under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. § 1132(e)(2) and 1451(d). Venue is also proper in this district under the Pension Fund Trust Agreement.

## PARTIES

4. Plaintiff Pension Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. § 1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

5. Plaintiff Howard McDougall is a present Trustee of the Pension Fund and the Trustees are collectively the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

6. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3) and 1451(a)(1), the Trustees, including Plaintiff Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

7. Banner Lumber Company ("Banner Lumber") is or was a Michigan corporation with its principal place of business located in the State of Michigan. Banner Lumber Company is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and (14)(c) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(c).

8. B-L1 LP is or was a Michigan limited partnership with its principal place of business located in the State of Michigan.

9. Epstein LP is or was a Michigan limited partnership with its principal place of business located in the State of Michigan.

## **CLAIM FOR RELIEF**

10. Banner Lumber was subject to collective bargaining agreements executed between itself and International Brotherhood of Teamsters Local Union No. 247, under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

11. As of April 1, 2007, Robert Epstein and Stuart Epstein directly or indirectly owned one hundred percent (100%) of the stock of Banner Lumber.

12. As of April 1, 2007, Robert Epstein and Stuart Epstein directly or indirectly owned one hundred percent (100%) of the stock of B-L1 LP.

13. As of April 1, 2007, Robert Epstein and Stuart Epstein directly or indirectly owned one hundred percent (100%) of the stock of Epstein LP.

14. On April 1, 2007, Banner Lumber Company, B-L1 LP, Epstein LP, and all other trades or businesses under common control with them (the "Banner Controlled Group") constituted a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

15. The Banner Controlled Group is the employer for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

16. On April 1, 2007, Banner Lumber permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

17. As a result of this complete withdrawal, the Banner Controlled Group, incurred withdrawal liability to the Pension Fund in the amount of $887,976.95 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

18. On or about September 13, 2007, the Banner Controlled Group, through B-L1 and Epstein LP, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1382(2) and 1399(c)(5)(B). The notice notified the Banner Controlled Group that it was required to discharge its liability in one lump sum in the amount of $887,976.95.

19. On or about October 13, 2006, the Banner Controlled Group, through Banner, received a notice from the Pension Fund that its withdrawal liability payments were past due, and which forewarned the Banner Controlled Group of the consequences of its failure to pay such liability pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

20. The Banner Controlled Group has not requested a review of the withdrawal liability pursuant to § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

21. The Banner Controlled Group did not timely initiate arbitration pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the withdrawal liability demanded by the Pension Fund is due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

22. The Banner Controlled Group has failed to make the withdrawal liability payment to the Pension Fund and is in default within the meaning of Section 4219(c)(2), (5) of ERISA, 29 U.S.C. § 1399(c)(2), (5).

23. Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1) by the Banner Controlled Group.

24. The members of the Banner Controlled Group, including Defendants, have failed to make the withdrawal liability payments to the Pension Fund and are in default within the meaning of Section 4219(2)(5) of ERISA, 29 U.S.C. § 1399(2)(5).

25. Defendants are jointly and severally liable for the withdrawal liability incurred by the Banner Controlled Group in the amount of $887,976.95.

WHEREFORE, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, request the following relief:

A. A judgment against Defendants B-L1 Limited Partnership, a Michigan limited partnership and Epstein Limited Partnership, a Michigan limited partnership and on behalf of Plaintiffs, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), for:

   (1) withdrawal liability in the amount of $887,976.95;

   (2) interest on the entire amount of the withdrawal liability assessment computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged;

   (3) an amount equal to the greater of the interest on the withdrawal liability or liquidated damages of twenty percent (20%) of the unpaid withdrawal liability; and

   (4) attorney's fees and costs.

B. Post-judgment interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged; and

    C.    For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

/s/ Anthony E. Napoli
Anthony E. Napoli
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois  60018-4938
(847) 518-9800, Ext. 3702
ARDC # 06210910
tnapoli@centralstatesfunds.org