**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND | ) | |
| SOUTHWEST AREAS PENSION FUND, | ) | |
| and HOWARD McDOUGALL, trustee, | ) | |
| | ) | No. 08 C 84 |
| Plaintiffs, | ) | |
| | ) | Judge Lindberg |
| v. | ) | Magistrate Judge Cole |
| | ) | |
| B-L1 LIMITED PARTNERSHIP, a | ) | |
| Michigan limited partnership and | ) | |
| EPSTEIN LIMITED PARTNERSHIP, | ) | |
| a Michigan limited partnership, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO COMPLAINT**

**NOW COME** Defendants, B-L1 LIMITED PARTNERSHIP**,** and EPSTEIN LIMITED

PARTNERSHIP, (hereinafter referred to as "Defendants" or  "B-L1**",** or "EPSTEIN") by and

through its attorneys, PAUL A. GAJEWSKI**,**  and AXELROD, GOODMAN, STEINER and

BAZELON, and hereby answers the Complaint of Plaintiffs, CENTRAL STATES SOUTHEAST

and SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, Trustee (hereinafter

referred to as "Plaintiff" or "CENTRAL STATES") as follows:


**JURISDICTION AND VENUE**

1.      This is an action for collection of withdrawal liability, interest, and penalties incurred by an

employer as a result of a withdrawal from the Pension Fund.

**ANSWER:    Admit**

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA")

as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001, et seq.

(1982).  This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of

ERISA, 29 U.S.C. § 1132(e), 1132(f), and 1451(c), as well as under 28 U.S.C. § 1331 and 1337.

**ANSWER:    Admit**


3.      The Pension Fund is administered at its principal place of business located in Rosemont,

Illinois.  Venue is proper in this District under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C.

§ 1132(e)(2) and 1451(d).  Venue is also proper in this district under the Pension Fund Trust

Agreement.

**ANSWER:    Admit**


## PARTIES

4.      Plaintiff Pension Fund is a multiemployer pension plan within the meaning of Sections 3(37)

and 4001(a)(3) of ERISA, 29 U.S.C. § 1002(37) and 1301(a)(3), and an employee benefit plan within

the meaning of Section 3(3) or ERISA, 29 U.S.C. § 1002(3).

**ANSWER:    Upon information and belief, Defendants admit the allegations contained in**

**paragraph #4 of Plaintiff's Complaint.**


5.      Plaintiff Howard McDougall is a present Trustee of the Pension Fund and the Trustees are

collectively the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A) of

ERISA, 29 U.S.C. § 1301(a)(10)(A).

**ANSWER:     Upon information and belief, Defendants admit the allegations contained in paragraph #5 of Plaintiff's Complaint.**

6.     Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3) and 1451(a)(1), the Trustees, including Plaintiff Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

**ANSWER:     Upon information and belief, Defendants admit the allegations contained in paragraph #6 of Plaintiff's Complaint.**

7.     Banner Lumber Company ("Banner Lumber") is or was a Michigan corporation with its principal place of business located in the State of Michigan.  Banner Lumber Company is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and (14)(c) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(c).

**ANSWER:     Defendants admit Banner Lumber Company ("Banner Lumber") is or was a Michigan corporation with its principal place of business located in the State of Michigan.  Defendants neither admit nor deny the remaining allegations in paragraph #7 of Plaintiff's Complaint as it states a legal rather than a factual conclusion.**

8.     B-L1 is or was a Michigan limited partnership with its principal place of business located in the State of Michigan.

3

**ANSWER:    Admit**


9.      Epstein LP is or was a Michigan limited partnership with its principal place of business

located in the State of Michigan.

**ANSWER:    Admit**


## CLAIM FOR RELIEF

10.     Banner Lumber was subject to collective bargaining agreements executed between itself and

International Brotherhood of Teamsters Local Union No. 247, under which it was required to make

contributions to the Pension Fund on behalf of certain of its employees.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as**

**to the truth of the averments.**


11.     As of April 1, 2007, Robert Epstein and Stuart Epstein directly or indirectly owned one

hundred percent (100%) of the stock of Banner Lumber.

**ANSWER:    Admit**


12.     As of April 1, 2007, Robert Epstein and Stuart Epstein directly or indirectly owned one

hundred percent (100%) of the stock of B-L1 LP.

**ANSWER:    Deny**


13.     As of April 1, 2007, Robert Epstein and Stuart Epstein directly or indirectly owned one

hundred (100%) of the stock of Epstein LP.

**ANSWER:    Deny**

14.      On April 1, 2007, Banner Lumber Company, B-L1 LP, Epstein LP, and all other trades or businesses under common control with them (the "Banner Controlled Group") constituted a single employer within the meaning of Section 400(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

**ANSWER:    Deny**

15.      The Banner Controlled Group is the employer for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

**ANSWER:    Deny**

16.      On April 1, 2007, Banner Lumber permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

**ANSWER:    Deny**

17.      As a result of this complete withdrawal, the Banner Controlled Group, incurred withdrawal liability to the Pension Fund in the amount of $887,976.95 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

**ANSWER:    Deny**

18.    On or about September 13, 2007, the Banner Controlled Group, through B-L1 and Epstein LP, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1382(2) and 1399(c)(5)(B).  The notice notified the Banner Controlled Group that it was required to discharge its liability in one lump sum in the amount of $887,976.95.

**ANSWER:    Defendants admit that on or about September 13, 2007 Defendants received a letter from Plaintiff demanding payment of a withdrawal liability of $887,976.95 issued by the Pension Fund.  Defendants deny each and every remaining allegation of paragraph #18 of Plaintiff's Complaint.**

19.    On or about October 13, 2006, the Banner Controlled Group, through Banner, received a notice from the Pension Fund that its withdrawal liability payments were past due, and which forewarned the Banner Controlled Group of the consequences of its failure to pay such liability pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

**ANSWER:    Deny**

20.    The Banner Controlled Group has not requested a review of the withdrawal liability pursuant to § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

**ANSWER:    Deny**

21.    The Banner Controlled Group did not timely initiate arbitration pursuant to Section 422(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1).  Consequently, the withdrawal liability demanded by the Pension

**6**

Fund is due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

**ANSWER:    Deny**

22.    The Banner Controlled Group has failed to make the withdrawal liability payment to the Pension Fund and is in default within the meaning of Section 4219(c)(2), (5), of ERISA, 29 U.S.C. § 1399(c)(2), (5).

**ANSWER:    Defendants admit Defendants did not pay Plaintiff the amount demanded. Defendants deny the remaining allegations in paragraph #22 of Plaintiff's Complaint.**

23.    Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1) by the Banner Controlled Group.

**ANSWER:    Deny**

24.    The members of the Banner Controlled Group, including Defendants, have failed to make the withdrawal liability payments to the Pension Fund and are in default within the meaning of Section 4219(2)(5) of ERISA, 29 U.S.C. § 1399(2)(5).

**ANSWER:    Deny**

25.    Defendants are jointly and severally liable for the withdrawal liability incurred by the Banner Controlled Group in the amount of $887,976.95.

**ANSWER:    Deny**

WHEREFORE, Defendants, B-L1 LIMITED PARTNERSHIP and EPSTEIN LIMITED PARTNERSHIP, pray that this Court dismiss in full the Complaint of Plaintiff, CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD McDOUGALL, trustee, for attorney's fees and costs in defending this claim and for any other relief deemed just and proper.

Respectfully submitted,

B-L1 LIMITED PARTNERSHIP, and
EPSTEIN LIMITED PARTNERSHIP,
Defendants,

s/ Paul A.Gajewski
Paul A. Gajewski, One of its attorneys

OF COUNSEL:

Paul A. Gajewski
AXELROD, GOODMAN, STEINER & BAZELON
39 South LaSalle Street, Suite 920
Chicago, Illinois 60603
ARDC# 06190911
(312) 236-9375
(312) 236-2877 fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of February, 2008, a copy of the foregoing Defendants' Answer to Plaintiff's Complaint was filed electronically. Notice of this filing will be sent to all parties registered with the Court's electronic filing system by operation of the Court's system. Parties may access this filing through the Court's system which will send notification of such filing(s) to the following:

Anthony E. Napoli, Esq.
Central States, Southeast and Southwest
Areas Pension Fund
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 3702

    s/ Paul A. Gajewski

9