IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>    Plaintiffs,<br><br>v.<br><br>B-L1 LIMITED PARTNERSHIP, a Michigan limited partnership and EPSTEIN LIMITED PARTNERSHIP, a Michigan limited partnership,<br><br>    Defendants. | Case No. 08 C 0084<br><br>Honorable George W. Lindberg<br>Distict Judge |

**MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
AND FOR EXTENSION OF DISCOVERY SCHEDULE TO DECEMBER 1, 2008**

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, hereby move the Court for entry of an order granting Plaintiffs leave to file Plaintiffs' First Amended Complaint and to extend the discovery schedule to December 1, 2008 pursuant to Rule 15(a) of the F.R.Civ.P. Rule 15. In support thereof, Plaintiffs state:

1.   On January 4, 2008, Plaintiffs filed this action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from the Pension Fund pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001, et seq. (1982).  The Complaint also alleges that Defendants are members of the controlled group with Banner Lumber Company and all other trades or businesses

under common control with them (the "Banner Controlled Group") constituted a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

2. On February 19, 2008, Defendants filed an Answer to the Complaint and denied liability for the withdrawal liability. Defendants also claimed that regardless of liability, Defendants would be unable to satisfy a judgment against them.

3. By order dated June 25, 2008, the Court entered an order setting the close of discovery for September 17, 2008. Previously, the Court did not set a discovery cutoff to allow the parties time to attempt to reach a settlement based upon Defendants' alleged financial distress but the parties were unable to reach a settlement (the parties conducted informal discovery pursuant to these discussions).

4. On June 26, 2008, Plaintiffs served their first set of written discovery on Defendants.

5. On August 11, 2008, Defendants responded to Plaintiffs written discovery.

6. Based upon Defendants' discovery response, Plaintiffs became aware of the identity of the general partners of Defendants and that there were other companies and individuals that may be liable for the withdrawal liability under various theories of liability, including controlled group liability and personal liability for the operation of unincorporated trades or businesses.

7. Under Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder, all "trades or businesses under common control" are treated as a single employer for purposes of withdrawal liability. See, Central States

Southeast and Southwest Areas Pension Fund v. Johnson, 991 F.2d 387, 388-89 (7th Cir. 1993).

8.  The purpose of the First Amended Complaint is to conform the pleadings with all of the parties and issues into a single Complaint rather than having multiple lawsuits with respect to the withdrawal liability by adding the following parties as Defendants: (1) The Epsteins, LLC, a Michigan limited liability company; (2) Izcon Corporation, a Michigan corporation; (3) Robert M. Epstein, Trustee of the Robert M. Epstein Living Trust dated December 31, 1992; (4) Stuart A. Epstein, Trustee of the Stuart A. Epstein Living Trust dated May 1, 1987; (5) Kenneth B. Epstein Living Trust dated May 6, 1993, as amended; (6) Robert M. Epstein, an individual; and (7) Stuart A. Epstein, an individual.

9.  Rule 15(a) of the F.R.Civ.P. provides that leave to amend pleadings should be granted freely when justice requires. In deciding whether to grant leave to amend, the district court should consider whether "there has been undue delay, . . . prejudice to the opponent, dilatory motive on the part of the movant, or amendment would be futile." Figgie Int'l, Inc. v. Miller, 966 F.2d 1178, 1180-1181 (7th Cir. 1992).

10. Plaintiffs have been diligent in the prosecution of this action and the amendment will not prejudice Defendants (Plaintiffs have requested information related to these parties in its written discovery), and if the Court denies the motion, Plaintiffs will be required to file a separate action against these parties.

11. The First Amended Complaint should not unduly delay the prosecution of this matter. Plaintiffs anticipated completing written discovery by the end of September 2008, completing witness depositions by the end of October 2008, and completing expert witnesses depositions by the end of November 2008 (Defendants disclosed two expert

witnesses in their response to Plaintiffs' written discovery - expert witnesses were not anticipated when the original discovery schedule was set).

12. Plaintiffs respectfully request leave to file a First Amended Complaint and that the close of discovery be set for December 1, 2008. A copy of the First Amended Complaint is attached hereto as Exhibit 1.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, respectfully request the Court grant Plaintiffs' motion for leave to file a First Amended Complaint and that the close of discovery be set for December 1, 2008 and for such other relief as this Court may deem proper and just.

Respectfully submitted,

/s/ Anthony E. Napoli
Anthony E. Napoli
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois  60018-4938
(847) 518-9800, Ext. 3702
ARDC # 06210910
tnapoli@centralstatesfunds.org