IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>        Plaintiffs,<br><br>        v.<br><br>B-L1 LIMITED PARTNERSHIP, a Michigan limited partnership; EPSTEIN LIMITED PARTNERSHIP, a Michigan limited partnership; THE EPSTEINS, LLC, a Michigan limited liability company; IZCON CORPORATION, a Michigan corporation; ROBERT M. EPSTEIN, Trustee of the Robert M. Epstein Living Trust dated December 31, 1992; STUART A. EPSTEIN, Trustee of the Stuart A. Epstein Living Trust dated May 1, 1987 d/b/a EPCON INVESTMENTS; KENNETH B. EPSTEIN LIVING TRUST dated May 6, 1993, as amended d/b/a EPCON INVESTMENTS; ROBERT M. EPSTEIN, an individual; and STUART A. EPSTEIN, an individual,<br><br>        Defendants. | Case No. 08 C 0084<br><br>Honorable George W. Lindberg<br>Distict Judge |

## FIRST AMENDED COMPLAINT

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Howard McDougall, one of its present Trustees, for their causes of action against Defendants B-L1 Limited Partnership, a Michigan limited partnership ("B-L1 LP"); Epstein Limited Partnership, a Michigan limited partnership ("Epstein LP"); The Epsteins, LLC, a Michigan limited liability company ("Epsteins LLC"); Izcon Corporation, a Michigan corporation ("Izcon"); Robert M. Epstein, Trustee of the Robert M. Epstein Living Trust

dated December 31, 1992 ("Robert Epstein Trust"); Stuart A. Epstein, Trustee of the Stuart A. Epstein Living Trust dated May 1, 1987 ("Stuart Epstein Trust") d/b/a Epcon Investments; Kenneth B. Epstein Living Trust dated May 6, 1993, as amended ("Kenneth Epstein Trust") d/b/a Epcon Investments; Robert M. Epstein, an individual; and Stuart A. Epstein, an individual, allege as follows:

## JURISDICTION AND VENUE

1.  This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from the Pension Fund.

2.  This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001, et seq. (1982). This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. § 1132(e), 1132(f), and 1451(c), as well as under 28 U.S.C. §1331 and 1337.

3.  The Pension Fund is administered at its principal place of business located in Rosemont, Illinois. Venue is proper in this District under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. § 1132(e)(2) and 1451(d). Venue is also proper in this district under the Pension Fund Trust Agreement.

## PARTIES

4.  Plaintiff Pension Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. § 1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

5.  Plaintiff Howard McDougall is a present Trustee of the Pension Fund and the Trustees are collectively the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

6.　　Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3) and 1451(a)(1), the Trustees, including Plaintiff Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

7.　　Banner Lumber Company ("Banner Lumber") is or was a Michigan corporation with its principal place of business located in the State of Michigan. Banner Lumber Company is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and (14)(c) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(c).

8.　　B-L1 LP is or was a Michigan limited partnership with its principal place of business located in the State of Michigan.

9.　　Epstein LP is or was a Michigan limited partnership with its principal place of business located in the State of Michigan.

10.　　Epsteins LLC is or was a Michigan limited liability company with its principal place of business located in the State of Michigan.

11.　　Izcon is or was a Michigan corporation with its principal place of business located in the State of Michigan.

12.　　The Robert Epstein Trust is a revocable living trust with its principal place of business located in the State of Michigan.

13.　　The Stuart Epstein Trust is a revocable living trust with its principal place of business located in the State of Michigan and was doing business as Epcon Investments.

14.　　The Kenneth Epstein Trust is a revocable living trust with its principal place of business located in the State of Michigan and was doing business as Epcon Investments.

15.　　Robert M. Epstein is an individual who is a citizen of the State of Michigan.

16.   Stuart A. Epstein is an individual who is a citizen of the State of Michigan.

## CLAIM FOR RELIEF

17.   Banner Lumber was subject to collective bargaining agreements executed between itself and International Brotherhood of Teamsters Local Union No. 247, under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

18.   On or about April 1, 2007, Robert M. Epstein and Stuart A. Epstein directly or indirectly owned one hundred percent (100%) of Banner Lumber.

19.   On or about April 1, 2007, Robert M. Epstein and Stuart A. Epstein directly or indirectly owned one hundred percent (100%) of B-L1 LP pursuant to the application of the attribution rules under 29 U.S.C. § 1301(b)(1) and the regulations promulgated thereunder, including 26 C.F.R. § 1.414(c)-4(b).

20.   On or about April 1, 2007, Robert M. Epstein and Stuart A. Epstein directly or indirectly owned one hundred percent (100%) of Epstein LP pursuant to the application of the attribution rules under 29 U.S.C. § 1301(b)(1) and the regulations promulgated thereunder, including 26 C.F.R. § 1.414(c)-4(b).

21.   On or about April 1, 2007, Robert M. Epstein and Stuart A. Epstein directly or indirectly owned one hundred percent (100%) of Epsteins LLC.

22.   On or about April 1, 2007, Robert M. Epstein and Stuart A. Epstein directly or indirectly owned one hundred percent (100%) of Izcon.

23.   On or about April 1, 2007, Robert M. Epstein and Stuart A. Epstein directly or indirectly owned one hundred percent (100%) of Epcon Investments pursuant to the application of the attribution rules under 29 U.S.C. § 1301(b)(1) and the regulations promulgated thereunder, including 26 C.F.R. § 1.414(c)-4(b).

24. On or about April 1, 2007, the Robert Epstein Trust and the Stuart Epstein Trust were general partners of B-L1 LP and the Robert Epstein Trust and the Stuart Epstein Trust are liable, jointly and severally, for the debts of B-L1 LP pursuant to M.C.L.A. §§ 449.15, 449.1403.

25. On or about April 1, 2007, the Robert Epstein Trust and the Stuart Epstein Trust were general partners of Epstein LP and the Robert Epstein Trust and the Stuart Epstein Trust are liable, jointly and severally, for the debts of Epstein LP pursuant to M.C.L.A. §§ 449.15, 449.1403.

26. On or about April 1, 2007, the Stuart Epstein Trust owned and operated Epcon Investments as an unincorporated "trade or business," within the meaning of Section 4001(b)(1) of ERISA, 29. U.S.C. § 1301(b)(1) and is liable for the debts of Epcon.

27. On or about April 1, 2007, the Kenneth Epstein Trust owned and operated Epcon Investments as an unincorporated "trade or business," within the meaning of Section 4001(b)(1) of ERISA, 29. U.S.C. § 1301(b)(1) and is liable for the debts of Epcon.

28. Robert M. Epstein is personally liable for the debts of the Robert Epstein Trust pursuant to M.C.L.A. §§ 556.128, 700.7306.

29. Stuart A. Epstein is personally liable for the debts of the Stuart Epstein Trust pursuant to M.C.L.A. §§ 556.128, 700.7306.

30. On or about April 1, 2007, pursuant to the Robert Epstein Trust, Robert M. Epstein owned and operated unincorporated "trades or businesses," within the meaning of Section 4001(b)(1) of ERISA, 29. U.S.C. § 1301(b)(1).

31. On or about April 1, 2007, pursuant to the Stuart Epstein Trust, Stuart A. Epstein owned and operated unincorporated "trades or businesses," within the meaning of Section 4001(b)(1) of ERISA, 29. U.S.C. § 1301(b)(1).

32. On or about April 1, 2007, Banner Lumber Company, B-L1 LP, Epstein LP, Epsteins LLC, Izcon, the Robert Epstein Trust, the Stuart Epstein Trust, the Kenneth Epstein Trust, Robert M. Epstein, and Stuart A. Epstein, and all other trades or businesses under common control with them (the "Banner Controlled Group") constituted a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

33. The Banner Controlled Group is the employer for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

34. On April 1, 2007, Banner Lumber permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

35. As a result of this complete withdrawal, the Banner Controlled Group, incurred withdrawal liability to the Pension Fund in the amount of $887,976.95 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

36. On or about September 14, 2007, the Banner Controlled Group, through B-L1 LP and Epstein LP, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1382(2) and 1399(c)(5)(B). The notice notified the Banner Controlled Group that it was required to discharge its liability in one lump sum in the amount of $887,976.95.

37. The Banner Controlled Group has not requested a review of the withdrawal liability pursuant to § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

38. The Banner Controlled Group did not timely initiate arbitration pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the withdrawal

liability demanded by the Pension Fund is due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

39. The Banner Controlled Group has failed to make the withdrawal liability payment to the Pension Fund and is in default within the meaning of Section 4219(c)(2), (5) of ERISA, 29 U.S.C. § 1399(c)(2), (5).

40. Consequently, the amount demanded by the Pension Fund are due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1) by the Banner Controlled Group.

41. Defendants are jointly and severally liable for the withdrawal liability incurred by the Banner Controlled Group in the amount of $887,976.95.

WHEREFORE, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, request the following relief:

A. A judgment against Defendants and on behalf of Plaintiffs, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), for:

   (1) withdrawal liability in the amount of $887,976.95;

   (2) interest on the entire amount of the withdrawal liability assessment computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged;

   (3) an amount equal to the greater of the interest on the withdrawal liability or liquidated damages of twenty percent (20%) of the unpaid withdrawal liability; and

   (4) attorney's fees and costs.

B. Post-judgment interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the

month for which the interest is charged and shall be compounded annually; and

C.     For such further or different relief as this Court may deem proper and just.

                                                  Respectfully submitted,

/s/ Anthony E. Napoli
Anthony E. Napoli
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois  60018-4938
(847) 518-9800, Ext. 3702
ARDC # 06210910
tnapoli@centralstatesfunds.org